**Mark Edmond BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2006–CA–000545–MR.**

Court of Appeals of Kentucky.

Aug. 10, 2007.

Discretionary Review Denied by Supreme Court May 14, 2008.

J. Brandon Pigg, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON, MOORE, and TAYLOR, Judges.

---

10. *Wardia v. Com.*, 2006 WL 734010 (Ky. 2006).

## OPINION

TAYLOR, Judge.

Mark Edmond Brown brings this appeal from a February 28, 2006, judgment of the Fayette Circuit Court upon a jury verdict finding him guilty of criminal mischief in the first degree, criminal attempt to commit theft by unlawful taking under $300.00, and adjudicating him to be a persistent felony offender in the second degree. We affirm.

The relevant facts of this case are rather straightforward. On July 21, 2004, appellant was spotted by a Lexington police officer with his arm through the top of a convertible vehicle parked on Mill Street in Lexington, Kentucky. Upon arriving at the scene, it was apparent to the officer that a hole had been cut into the convertible top of the vehicle. Eventually, appellant was arrested and indicted upon the charges of criminal mischief in the first degree, criminal attempt to commit theft by unlawful taking under $300.00, and with being a persistent felony offender in the second degree. After a jury trial, appellant was found guilty of all charges and sentenced to a total of ten years' imprisonment. This appeal follows.

Appellant contends that the circuit court committed error by denying his motion for a directed verdict of acquittal upon the offense of criminal mischief in the first degree. For the reasons hereinafter stated, we disagree.

A defendant is entitled to a directed verdict of acquittal if under the evidence as a whole it would have been clearly unreasonable for a jury to have found guilt. Ky. R. Civ. P. 50.01; *Thacker v. Commonwealth*, 194 S.W.3d 287 (Ky.2006). In the case at hand, appellant alleges that the Commonwealth failed to prove beyond a reasonable doubt the essential elements of first-degree criminal mischief. In par-

ticular, appellant alleges that the Commonwealth failed to prove that he damaged property (the vehicle) by causing pecuniary loss of at least $1,000.00.

Kentucky Revised Statutes (KRS) 512.020 codifies the offense of criminal mischief in the first degree and reads, in relevant part:

A person is guilty of criminal mischief in the first degree when, having no right to do so or any reasonable ground to believe that he has such right, he intentionally or wantonly defaces, destroys or damages any property causing pecuniary loss of $1,000 or more.

Under the plain language of the above statute, a person is guilty of first-degree criminal mischief if he intentionally or wantonly damages property that causes a pecuniary loss of at least $1,000.00. In this case, the damage to property was a cut in the top of the convertible vehicle. It is undisputed that this cut necessitated replacement of the convertible top. However, appellant contends that the circuit court erred by considering the cost of labor to replace the convertible top in addition to the cost of the convertible top itself:

In this case, none of the estimates given by Commonwealth[sic] witnesses stated the value of the convertible top itself exceeded $1000. The estimates for the actual convertible top were $610, $737.58 and $750 respectively. It was only when the labor costs associated with the convertible tops[sic] was added that the totals of the estimates exceeded $1000. Under the relevant caselaw discussed above, it was error by the trial court to include the costs of labor to determine the value of the convertible top in determining Mr. Brown's degree of criminal mischief. All estimates offered by the Commonwealth of the value of the convertible top were less than $1000. Therefore, the Commonwealth

failed to demonstrate that the convertible top had a value over $1000.

Appellant's Brief at 11. As the convertible top itself was valued at less than $1000.00, appellant contends that he was entitled to a directed verdict of acquittal upon the offense of first-degree criminal mischief.

▪ It is well-established that interpretation and construction of a statute is a matter of law for the court. *City of Worthington Hills v. Worthington Fire Protection District*, 140 S.W.3d 584 (Ky.App. 2004). KRS 512.020 clearly requires proof of damage to property in the amount of at least $1,000.00 in order to sustain a conviction upon first-degree criminal mischief. In so doing, KRS 512.020 specifically utilizes the term "pecuniary loss." When defining a term in a statute, we are bound to give such term its ordinary meaning. KRS 446.080(4). Pecuniary loss is generally defined as "[a] loss of money or of something having monetary value." *Black's Law Dictionary* 1152 (7th ed.1999). We believe that the cost of labor to install the convertible top is "something having monetary value." Accordingly, we conclude that the cost of labor represents a proper element of pecuniary loss under KRS 512.020. As such, we reject appellant's contention that the circuit court erred by considering the cost of labor for installing the convertible top as a pecuniary loss under KRS 512.020. Thus, appellant was not denied due process upon the court denying his motion for a directed verdict.

For the foregoing reasons, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.